UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENEE WILLIAMS,<br>Plaintiff,<br>-against-<br>THE SOCIAL SECURITY ADMINISTRATION HEADQUARTERS,<br>Defendant. | 1:26-CV-5590 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Renee Williams, of Far Rockaway, Queens County, New York, brings this *pro se* action seeking what the Court construes as review of the Commissioner of Social Security's final administrative decision with respect to Plaintiff's application for Social Security benefits, under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3). For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

An action filed pursuant to Sections 405(g) and/or 1383(c)(3) may be brought only in:

> the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g); *see* § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under [Section 1383(c)(1)] shall be subject to judicial review as provided in [S]ection 405(g).").

Plaintiff alleges that she resides in Queens County. Because Plaintiff's residence is not within this judicial district, and she makes no allegation about a principal place of business, venue is not proper in this court under Sections 405(g) or 1383(c)(3). Queens County lies within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the United

States District Court for the Eastern District of New York, *see* §§ 405(g), 1383(c)(3), and the Court transfers this action to that court, *see* 28 U.S.C. § 1406(a).

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 13, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge